## Agnil Light Company, Defendant in Error, v. National Stamping Electric Works, Plaintiff in Error.

## Gen. No. 17,287.

1. SALES—*when goods not shipped within reasonable time.* Plaintiff ordered certain tanks September 9th, to be shipped in two weeks. From the correspondence it appeared that the order was for fifty tanks and was so understood by defendant, who pretended to misunderstand to produce delay. On request plaintiff sent a deposit, which was received September 24th. On September 30th, when defendant had tanks which he should have shipped immediately under the contract, he, without mentioning the receipt of deposit, requested full payment, which was sent. Defendant, on October 8th, wrote that the deposit was just received and that tanks intended for plaintiff were shipped elsewhere on account of the delay in sending the deposit. On November 5th, plaintiff telegraphed defendant cancelling the order and demanding that the remittance be refunded. Defendant falsely claimed that he received the telegram after the goods were shipped. *Held,* that conceding that plaintiff waived performance within two weeks, defendant failed to perform within a reasonable time without any reasonable excuse.

2. SALES—*performance of contract.* Though the buyer waives performance of the contract within the time specified in his acceptance of the offer, the seller is required to perform within a reasonable time after notice.

3. SALES—*delivery of goods to carrier.* Delivery of goods to a carrier does not constitute delivery to the consignee where deliv-

ery is not made within a reasonable time after the order is given and the order is canceled before such delivery.

Appeal from the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed March 26, 1913.

STEDMAN & SOELKE, for plaintiff in error.

CHARLES HUDSON, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

This was a suit instituted in the Municipal Court by defendant in error against plaintiff in error to recover money paid upon a contract for the sale and shipment of fifty tanks, which contract defendant in error claims to have rightfully canceled before said shipment was made by plaintiff in error. A trial by the court resulted in a finding and judgment against plaintiff in error for $359.90, and this writ of error is prosecuted to reverse such judgment.

On August 30, 1910, defendant in error, doing business in the City of Mexico, wrote plaintiff in error at Chicago, in part, as follows:

"Answering your letter of the 8th instant, we are willing to place an order with you for 100 tanks, subject to the following conditions:

"Fifty tanks to be shipped at once with two gauges, one for gasoline, the other for air pressure. * * * The other 50 tanks we desire to use inside of boulevard lamp posts. * * * Kindly wire us upon receipt of this if you will execute our order for 50 ordinary tanks, with the desired changes as above mentioned without additional charge, and when you can ship same. Also kindly wire the price of the tanks for the boulevard posts, and when you could make shipment of same. If you prefer and mention so in your telegram we will forward check for the amount immediately upon receipt of your wire, but we believe that we gave you R. G. Dun's Agency as reference, and are

entitled to thirty days' time. Awaiting your reply by wire, as we are also communicating with another concern about these tanks, we remain," etc.

In reply to this letter plaintiff in error, on September 7, telegraphed defendant in error as follows:

"One hundred two in one tanks with one gauge per specifications six dollars fifty cents, two gauges seven twenty five. Shipment of fifty in three weeks see letter for full particulars."

On the same day plaintiff in error wrote defendant in error, in part, as follows:

"Do we understand yours of the 30th to be an order for 100 combination tanks, at $6.50 each with two gauges instead of one? If so, we cannot accept it as we must have not less than $7.25 for the tank with two gauges. Your letter is not altogether clear to us as it calls for 100 tanks; 50 to be shipped at once, but it does not give any instructions as to when the second 50 are to be forwarded.  *  *  *  We further note what you say in regard to time of shipment. At the present writing we can make shipment inside of three weeks of 50 tanks but could ship 100 in about the same length of time. As to terms will say that we believe that we have made terms clear to you in our quotations on which is a deposit of 25 per cent with the order, balance upon receipt of shipping documents *  *  *.  Now, gentlemen, we are anxious to serve you and hope that we may hear from you with an order by wire, stating that order and deposit is being forwarded so as to save time in getting the order started. We are quite busy in our tank department at the present writing but assure you that your order will receive our careful attention."

On September 9th defendant in error telegraphed plaintiff in error as follows:

"Accept. 50 tanks with two gauges; shipment within two weeks."

Defendant in error, also on the same day, wrote plaintiff in error as follows:

"*  *  *  We do not understand your attitude to-

wards us  *  *  *.  We request you obtain information
in regard to our responsibility from R. G. Dun & Co.
which you apparently overlooked, insisting on our send-
ing money in advance.   Under these circumstances we
did not feel justified to order for the time being more
than 50 tanks, and request you to hurry those on all
you can if possible before two weeks from now.  Please
find enclosed $100 U. S. Cy. which you will credit our
account with.   Ship goods by freight consigning to
M. W. Brennan at New Laredo, Mexico, to whom you
will please send copy of B-L, copy of your invoice,
and packing list with gross and net weights.   After
receipt of these 50 tanks we will let you know about
the other 50 for boulevard tanks of which we spoke in
ours of August 30th.''

In a subsequent letter of the same date defendant
in error stated that, owing to the national holiday, it
had been unable to buy the check it meant to enclose,
but would wire the money on the 17th, being the ear-
liest date on which it could be obtained, and requested
plaintiff in error to rush the order and not to hold it.

Notwithstanding the check for $100 was received by
plaintiff in error on September 24th, it wrote to de-
fendant in error on September 30th, in part, as fol-
lows:

''We have these tanks all made up as per your or-
der and are very much disappointed indeed not to have
received the check which you informed was, or would
be forthcoming in a few days.   Now gentlemen, we
are not at the present time overburdened with space
and as 50 combination tanks take in considerable room,
we will appreciate it if you will forward check for the
balance so as not to delay shipment of these goods.
While we feel that you are certainly responsible our
terms are strictly on the basis outlined and we are not
in position to change same, therefore we hope to re-
ceive your remittance by return mail.''

On October 5th defendant in error wrote plaintiff
in error as follows:

''We wrote you on the 12th ultimo, confirming our
telegram and order of the same date, and advising a

remittance of $100.00. This money was paid by us to the Mexican Express Company and you will certainly have received it long before now from Wells Fargo & Co.

"We are very disagreeably surprised not to have heard from you for the last three weeks in regard to the fifty tanks ordered, that should have been shipped within two weeks of receipt of our order, and beg that you will explain as soon as possible why it has been held or delayed. We very much needed the goods and have been submitted to considerable trouble and annoyance on account of your silence, and non delivery."

On October 8th plaintiff in error wrote defendant in error, in part, as follows:

"We have just received remittance (referring to check received September 24) to apply on the order of 100 combination tanks and herewith acknowledge same. Our understanding is that we are to ship these tanks in two shipments, 50 at a time, shipping them, bill of lading attached for the balance due. We are sorry indeed that you did not give this matter more prompt attention as we had 50 of these tanks already but same were shipped out on other orders. We are now working on your order for 100 combination tanks with two gauges and will finish up 50 as soon as possible and ship them to you, sending tracer after same. Kindly write us fully when the second lot of 50 will be shipped."

On or about October 5th defendant in error mailed to plaintiff in error a draft for $237.50, balance in full for the 50 tanks, and on October 10th plaintiff in error acknowledged the receipt of such remittance and wrote defendant in error as follows:

"We are working overtime and assure you that we will make shipment of the first 50 at the earliest possible date."

In reply to the letter of defendant in error, dated October 5, plaintiff in error, on October 12th, wrote as follows:

"We have yours at hand and note what you say in regard to not having shipped the combination tanks.

Will say that the reason for the delay was that your deposit was not received. The goods were made up and resold and we were compelled to make up a new lot which will be furnished in the shortest possible time. In your letter you spoke of 50 tanks. Was not your order for 100? We surely quoted you on this quantity. Shipments to be made in lots of 50.''

In reply to the letter of plaintiff in error, dated October 8th, defendant in error, on October 15th, wrote as follows:

''We are in receipt of your letter of October 8th and cannot help to express our surprise about the way in which you are handling our order for tanks. We are at a loss to understand how you are handling your business, but we certainly must protest against the way in which you are treating us. If at the receipt of this letter you have not filled our order for fifty tanks please telegraph us and return us our remittance at once. If we don't hear from you we will have one of our business friends call on you at once to settle this matter.

''You had no reason whatever to hold our order for lack of funds, as we complied with your quotation to pay 25% and you should have shipped at once drawing on us for the balance against shipping documents. Instead of this you hold the order most arbitrarily until you get the balance of the money in advance and now you say that you are working on our order for a hundred tanks, having shipped out to others the fifty which you had ready for us.

''In our letter dated September 12th we state clearly: 'under these circumstances we do not feel justified to order for the time being more than 50 tanks and request you to hurry same.' Why did you at the receipt of this letter with our remittance for $100, not refuse the order if you did not care to fill it for fifty tanks only and under the condition offered by you 25% cash and the balance against shipping documents?''

In reply to the last letter plaintiff in error on October 31st wrote, in part, as follows:

''Now, we are exceedingly sorry that you are not

entirely pleased with the delay which was due to the fact that your remittance was not received as stated in your letter that you were wiring the deposit. We have been crowded in our tank department. Having the tanks made up and not having your deposit they were shipped out to another customer and it has been impossible for us since we received your remittance to make shipment of your order. We were under the impression that you wanted 100 tanks and the deposit was on this number, but as we now understand you have paid in full for the 50 tanks.   *   *   *   We assure you that we are doing all we can to fill your order and expect to make shipment during the coming week on your goods, and hereafter send the deposit with the order and you will receive prompt and careful attention."

On November 5th, defendant in error telegraphed plaintiff in error as follows:

"Don't ship tanks. Had to order them elsewhere. Refund remittance."

This telegram was confirmed by letter of same date, wherein defendant in error wrote, in part, as follows:

"The order was given you by telegraph on the 9th of September with the condition that delivery should be made within two weeks. We have waited longer than we could afford. In our letter October 15th we requested you to wire us in case you had not filled our order, and not having received your reply by wire as requested we were compelled to order tanks elsewhere, considering the order cancelled through your non-fulfillment and silence."

The evidence tends to show that the telegram was communicated to plaintiff in error at 9:37 o'clock in the forenoon of November 5th. In the afternoon of the same day plaintiff in error wrote defendant in error as follows:

"We herewith hand you an invoice for the fifty combination tanks and trust that same will be received by you without unnecessary delay. We assure you that we will give your future orders our most careful attention. We have been working day and night of late

480        APPELLATE COURTS OF ILLINOIS.

Agnil Light Co. v. National Stamping Elec. Wks., 178 Ill. App. 473.

but are now about caught up with orders and can make more prompt shipments of any future orders which may be entrusted with us.''

It will be observed that the letter makes no reference to the receipt of the telegram.

On November 7th plaintiff in error again wrote defendant in error, in part, as follows:

''We received your wire Saturday the 5th after closing hour. We had already written to you and forwarded to you the invoice for the tanks which were shipped and cannot accept cancellation of same. There was no one to blame but yourself for the delay in getting these goods to you. Had you, as you advised us in your original letter, forwarded a deposit on the day you stated you would the tanks would have gone forward immediately, but due to the delay in receiving the deposit, the goods were shipped out. It was necessary to make them up and worked nights in order to get them to you. We have been very busy in our tank department and as stated above worked overtime in order to get these goods to you with as little delay as possible. * * * We trust that the shipment which we will trace will reach you promptly and we hope that it will be received by you without unnecessary delay.''

This letter refers to the shipment of the tanks as having been made on November 5th, but the evidence tends to show that the tanks were not received at the freight house of the carrier until 4 o'clock in the afternoon of November 7th.

Summons in this suit was issued on November 9th and service had on plaintiff in error on November 10th.

Plaintiff in error attempts to excuse its unreasonable delay in making shipment upon two grounds: First, its uncertainty as to whether the order was for 100 tanks or 50 tanks; second, the failure of defendant in error to remit the required deposit.

An examination of the correspondence leaves no room for doubt that the final order as given and accepted was for 50 tanks only, and that it was in fact

so understood by plaintiff in error. Any pretense by it to the contrary was evidently intended to produce confusion and delay. The required deposit of 25 per cent. of the contract price was received by plaintiff in error on September 24th, yet it ignored any reference to it in its letter of September 30th, and in its letter of October 8th stated that it had "just received remittance." On September 30th plaintiff in error had the 50 tanks in stock and should have then shipped the same to defendant in error in accordance with the terms of the contract, but instead of doing so, it made a demand upon defendant in error for the payment of the balance of the purchase price. Defendant in error responded to the demand immediately, and before it was informed that plaintiff in error had shipped the tanks to other customers. Finally, plaintiff in error claimed to have shipped the tanks before it received notice from defendant in error of the cancellation of the order, when the evidence discloses that the tanks were not in fact shipped until after the receipt by it of such notice. The conduct of plaintiff in error in the transaction does not entitle it to special consideration. If it be conceded that defendant in error should be held to have waived a performance by plaintiff in error of the contract within two weeks after it was made, plaintiff in error would still be required to perform within a reasonable time after notice, and we concur in the conclusion arrived at by the trial court that it failed, without any reasonable excuse, so to do.

It is insisted that a delivery by plaintiff in error, of the tanks to the carrier for shipment constituted a delivery to defendant in error, and that it must be held to have accepted the tanks. The true rule is stated in Taylor v. Turner, 87 Ill. 296, thus:

"Delivery to a carrier is considered as a delivery to the consignee only when, and as, it is in agreement with the terms and the intention of the shipment."

The application of the rule thus stated to the facts in this case operates to take it out of the class of

cases in which a delivery of goods to the carrier constitutes a delivery to the consignee. This suit was commenced by defendant in error before the tanks could have possibly reached their destination or been received by defendant in error.

The finding and judgment of the court are in accord with the merits of the controversy and the judgment is affirmed.

*Judgment affirmed.*